**LAW OFFICES OF NOLAN KLEIN, P.A.**                    ATTORNEYS & COUNSELORS
_____

**1213 SE THIRD AVENUE**
**FORT LAUDERDALE, FL 33316**
**PH: (954) 745-0588**

www.nklegal.com

                                                                        **Nolan Klein, Esq.**
                                                                        klein@nklegal.com

July 21, 2025

**Via ECF**
Hon. Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    *Brayniel Torres v. Patricias of Morris Park Corp., et al.*
               Docket No. 1:23-cv-07820-JLR

Dear Judge Lehrburger:

      This firm represents the Plaintiff Brayniel Torres ("Plaintiff") who brought the above-referenced matter against Patricias of Morris Park Corp. and Patricia Borgognone (collectively as "Defendants"). In his Complaint, Plaintiff asserts claims for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), unpaid spread of hour compensation, failure to provide accurate wage statements under NYLL § 195(3), and failure to issue compliant wage notices under NYLL § 195(1). D.E. 1. As the Court is aware, the parties have reached a resolution of this action during a settlement conference held before Your Honor on June 17, 2025. Accordingly, Plaintiff now submits this joint motion for approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the parties' settlement agreement with respect to Plaintiff's FLSA claims only.[1] The parties' proposed settlement agreement, entitled as the "Settlement Agreement and Release" (the "Agreement"), is attached as Exhibit A.

## Procedural History

      On September 1, 2023, Plaintiff filed his Complaint. D.E. 1. On December 6, 2023, Defendants filed their Answer to the Complaint. D.E. 15. The parties mediated on December 14, 2025. The parties exchanged written discovery and took depositions. After engaging in that discovery and otherwise litigating this case, the parties attended a settlement conference with Your Honor on June 17, 2025, wherein the Court assisted the parties to reach a resolution.

---

[1] Plaintiff does not seek the Court's approval with respect to the settlement of Plaintiff's non-FLSA claims as there is no requirement for the Court to do so. However, although non-FLSA claims do not require the Court's approval, the parties' settlement agreement, attached as Exhibit A, includes the resolution of all of Plaintiff's claims asserted in this lawsuit.

The settlement agreement between the Plaintiff and the Defendants provides for payment of a gross sum of $25,000.00, inclusive of attorneys' fees and costs. Pursuant to the Agreement, Plaintiff will receive a total of $15,467.06, and Plaintiff's counsel will receive a total sum of $9,532.93, consisting of $8,333.33 for attorneys' fees (i.e. 1/3 of the net settlement amount after deducting costs from the gross settlement amount) and $1,199.60 for litigation costs.

## The Court Should Approve the Settlement Agreement as Fair and Reasonable

FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-207. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Hernandez v. Merrill Lynch & Co., 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.

In evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Wolinsky factors require consideration of the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arms'-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Id.

In this case, Defendants operated a restaurant. Plaintiff alleges that he was employed by Defendants as a kitchen worker from in or about March 2021 until March 2023 (an allegation that Defendants dispute). Plaintiff asserts that he performed non-exempt duties for the Defendants including preparing salads. Throughout his employment, Plaintiff contends that he commonly worked more than forty hours during many of his workweeks. Despite frequently working in excess of forty hours during his workweeks, Plaintiff alleges that Defendants paid him a flat hourly rate that did not account for any overtime.

Critically, the parties have several key disputes that impact liability and damages. Defendants contend that Plaintiff was paid correctly for his hours worked. Indeed, Defendants deny that they failed to pay Plaintiff for his overtime hours worked. Moreover, Defendants contest the number of hours worked by Plaintiff during his workweeks and assert that Plaintiff worked fewer hours during his workweeks than alleged. Defendants have offered some documentation in support of their position. Critically, Defendants dispute that Plaintiff was an employee at all for much of the employment period alleged. Plaintiff recognizes that Defendants' records create an additional hurdle at trial and may defeat his claims or reduce the amount of damages available, if a jury credits their records. Moreover, each of these disputes will turn primarily on the credibility of the parties, and the resolution of these disputes would have a significant outcome on both liability and the amount of Plaintiff's damages awarded at trial. Additionally, Defendants contend that they acted in good faith and Plaintiff is not entitled to liquidated damages, whereas Plaintiff asserts that liquidated damages should be awarded because Defendants cannot establish that the alleged violations, if proven, were part of good faith efforts to comply with the FLSA.

Settling at this stage allows the parties to avoid substantial costs and delays. Indeed, were a settlement not reached at this stage, the parties would have proceeded to trial in September, less than three months from now. Notably, a trial in this lawsuit is particularly risky because it will likely turn substantially upon the credibility of the parties. As a result, all parties face a serious risk of losing at trial, in whole or in part. Accordingly, although there is a possibility that the Plaintiff could recover higher damages if the case proceeded to trial, there is also the significant possibility that he could receive lower damages, or nothing at all, and as such, the risks and uncertainties are substantial. Thus, assuming this settlement is approved, Plaintiff will be able to recover the settlement funds more expeditiously, and with more certainty, than a trial judgment.

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Agreement is limited to wage-related claims under the FLSA and NYLL. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements). Here, the release is narrowly tailored to release only claims relevant to or asserted in the instant action. Likewise, the agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181). Additionally, the parties have not included a non-disparagement clause.

**The Court Should Approve the Requested Attorneys' Fees and Costs as Reasonable**

In addition to assessing the reasonableness of the settlement award, most courts since Cheeks have found that courts "must also assess the reasonableness of any attorneys' fee award." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing Wolinsky, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing Wolinsky, 900 F. Supp. 2d at 336). In this case, the portion of the settlement amount attributable to attorneys' fees is $8,333.33, or approximately one-third of the net settlement amount after deducting for litigation costs.

Notably, while Courts may now award attorneys' fees in amounts greater than one-third of the total settlement sum, plus costs, Fisher v. SD Prot. Inc., 948 F.3d 593 (2d Cir. 2020), Courts have traditionally held that approval of attorneys' fees of one-third of the settlement sum, plus costs, is reasonable and routinely approve such terms in settlement agreements. Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013)

(collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); see also Jara Munoz v. R.S. Woodworks Inc., Docket No. 23-cv-02249-LGD (E.D.N.Y. July 17, 2023) (citing Tepale v. 245 Gourmet Food Inc., 2022 WL 1186574, at *1 (S.D.N.Y. Apr. 21, 2022) ("noting that courts routinely award one third of a settlement fund as a reasonable fee in FLSA cases"); Euceda v. The Hidden Wharf, Inc., Docket No. 19-cv-06564 (CLP), D.E. 38, at *10 (E.D.N.Y. Feb. 28, 2022) ("the requested fees are approximately one-third of the settlement amount, a percentage typically found reasonable in this Circuit"); Oxley v. Excellent Home Care Servs., LLC, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020), report and recommendation adopted, 2020 WL 401772 (E.D.N.Y. Jan. 23, 2020) (citing Romero v. Westbury Jeep Chrysler Dodge, Inc., 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016)) (noting "courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable" in FLSA settlements and awarding plaintiff's counsel a fee of one-third of the net settlement after costs, plus an award of costs); Yong Yuan Wang v. Mandarin Glen Cove, Inc., 2019 WL 5695910, at *2-3 (E.D.N.Y. Sept. 30, 2019) (citing Romero, 2016 WL 1369389, at *2) (same); Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 9, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Courts have held that a one-third recovery is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"). Thus, Plaintiff's counsel's requested fees of one-third of the net settlement sum after deducting for litigation costs is certainly reasonable.

Lastly, Plaintiff's counsel seeks reimbursement for $1,199.60 in advanced litigation costs, representing $402.00 for the filing fee for the Complaint and $797.60 for the deposition transcript following Defendants' deposition. Accordingly, Plaintiff's counsels' requests for attorneys' fees in the amount of $8,333.33 and expenses in the amount of $$1,199.60 should be approved as reasonable.

In light of the foregoing, Plaintiff respectfully requests that the Court enter an order approving the parties' FLSA settlement and dismissing this lawsuit with prejudice. Subject to the Court's approval, and in accordance with the Agreement, Plaintiff requests that the Court retain jurisdiction over this matter for any disputes as the parties administer the terms of their Agreement.

We thank the Court for its consideration of these requests.

                Respectfully submitted,

                _/s/ Nolan Klein_
                NOLAN KLEIN, ESQ.

C: All Counsel of Record *via* ECF